UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LORENZA JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:18-CV-74-TAV-JEM |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, Standing Order 13-02, and the referral Order of the District Judge [Doc. 36].

Now before the Court is Petitioner's Motion for Leave to Proceed In Forma Pauperis [Doc. 35], wherein he seeks leave to file an appeal without the payment of fees. For the reasons explained below, the Court **RECOMMENDS** that the District Judge **DENY** Petitioner's motion [**Doc. 35**].

I.  BACKGROUND

Petitioner Lorenza Jackson filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1]. On February 26, 2021, the District Judge denied his petition for relief, declined to issue a certificate of appealability ("COA"), and denied leave to proceed in forma pauperis on appeal [Doc. 19]. Petitioner then filed a notice of appeal [Doc. 21], and upon review of Petitioner's application for a COA and motion for leave to proceed in forma pauperis, the Sixth Circuit Court of Appeals denied his application for a COA and denied as moot his motion for leave to proceed in forma pauperis [Doc. 24].

1

Petitioner then filed a Rule 60(b)(1) motion, arguing that the Court improperly refused to consider certain of his arguments in his § 2255 motion [Doc. 25]. Finding the motion untimely, the Court denied it [Doc. 26].

Subsequently, Petitioner filed a motion to reconsider [Doc. 27], and a motion for leave to amend his motion to reconsider [Doc. 30]. In his motion to reconsider, he asked the Court to reconsider its Order denying his Federal Rule of Civil Procedure Rule 60(b)(1) motion as untimely; he argued that his Rule 60(b)(1) motion was timely filed and should not have been denied on this basis [Doc. 27]. Recognizing that Petitioner's Rule 60(b)(1) motion may have been timely filed, the District Judge found that, even if it had been timely filed, Petitioner raised on appeal the same arguments he raised in his Rule 60(b)(1) motion and the Sixth Circuit affirmed the Court's denial of his § 2255 motion and declined to issue a COA [Doc. 32]. Because arguments already presented and denied on appeal are unreviewable on a Rule 60(b)(1) motion, the District Judge found he was precluded from reviewing the Rule 60(b)(1) motion and denied it as moot [*Id.*]. Petitioner then filed a notice of appeal [Doc. 33] and the motion for leave to proceed in forma pauperis [Doc. 35].

Petitioner's notice of appeal states he is appealing "the Court's Memorandum Opinion and Order of his 60(b)(1) Motion" and nothing more [Doc. 33]. In his motion for leave to proceed in forma pauperis, Petitioner explains his financial situation [Doc. 35]. He also asserts that he is "entitled to redress" and that he "believe[s] that [his] issue of judicial error is valid" [*Id.*].

II. ANALYSIS

The Prison Litigation Report Act of 1995, 28 U.S.C. §§ 1915(a)–(b), does not apply to appeals or orders in § 2255 cases. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). "[T]o appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by

2

28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status under Fed. R. Civ. P. 24(a)." *Moore v. United States*, No. 219CV02572TLPTMP, 2019 WL 4394755, at *2 (W.D. Tenn. Sept. 12, 2019) (citation omitted). Federal Rule of Appellate Procedure 24(a)(1) states that a party who seeks to appeal in forma pauperis must file a motion in the district court and attach an affidavit that:

> (A) shows in detail prescribed by Form 4 of Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1)(A)–(C). "Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must move to proceed in forma pauperis in the appellate court." *Moore*, 2019 WL 4394755, at *2 (citing Fed. R. App. P. 24(a)(4) and (5)). "The decision to grant or deny an application to proceed in forma pauperis lies within the sound discretion of the district court." *Flippin v. Cobuyn*, 107 F. App'x 520, 521 (6th Cir. 2004) (citation omitted).

The Court finds that Petitioner has established that he is unable to pay the filing fee for an appeal. An affidavit to proceed in forma pauperis is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). Petitioner is incarcerated, and therefore, not employed. He further states that he has no assets. The Court finds he meets the financial criteria for proceeding in forma pauperis.

But the Court recommends that the District Judge deny Petitioner's motion because his appeal would not be taken in good faith. Pursuant to 28 U.S.C. § 2253(a), the district court is

3

required to evaluate the appealability of a § 2255 motion. *Moore*, 2019 WL 4394755, at *2 ("No § 2255 movant may appeal without this certificate."). Here, the District Judge denied Petitioner's § 2255 motion, declined to issue a COA, and denied leave to proceed in forma pauperis on appeal [Doc. 19]. The Sixth Circuit later denied his application for a COA and denied as moot his motion for leave to proceed in forma pauperis [Doc. 24]. Petitioner's Rule 60(b)(1) motion raised the same arguments he made on appeal, so the District Judge was precluded from reviewing it [Doc. 32]. Considering the earlier proceedings in this case, the Court recommends that the District Judge not issue a COA because Petitioner is clearly not entitled to relief and deny his Motion for Leave to Proceed In Forma Pauperis [Doc. 35] because his appeal would not be taken in good faith. *Moore*, 2019 WL 4394755, at *2 (denying the petitioner's motion to appeal in forma pauperis for the same reasons the court declined to issue a COA); *Jefferies v. United States*, No. 2:07-CR-20380-SHM, 2018 WL 2472565, at *5 (W.D. Tenn. June 1, 2018) (denying the petitioner's motion to appeal in forma pauperis because the court declined to issue a COA).

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS**[1] that the District Judge **DENY** Petitioner's Motion for Leave to Proceed In Forma Pauperis [**Doc. 35**]. Should the District Judge adopt the undersigned's Report and Recommendation, the Court advises Petitioner of Rule 24,

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

4

which allows him to file a motion to proceed on appeal in forma pauperis in the Sixth Circuit Court of Appeals within thirty (30) days of the District Judge's order. *See* Fed. R. App. P. 24(a)(5). Should Petitioner not file a motion within thirty (30) days of receiving the District Judge's decision, or fails to pay the filing fee, the appeal will be dismissed for want of prosecution. *INA Grp., LLC v. Patel*, No. 1:18CV733, 2019 WL 13197948, at *1 (S.D. Ohio Nov. 27, 2019) (citing *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999)).

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge